RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7-1-7
BY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 04-50171-02

versus                                       JUDGE S. MAURICE HICKS, JR.

TYNA LARRY & ANTHONY LARRY

## ORDER

Before the Court is defendant Anthony Larry's "Post Verdict Motion For Judgment Of Acquittal As To Count One, Or, Alternatively, Motion For New Trial As To Count One" [Doc. 80]. Defendant Anthony Larry seemingly argues that because the jury acquitted him of the substantive counts of mail fraud, healthcare fraud and bankruptcy fraud, he is entitled to a post verdict judgment of acquittal as to the conspiracy charge or, in the alternative, a new trial as to the conspiracy charge.

After a careful and thorough review of the record, including the government's opposition, the Court denies both the motion for judgment of acquittal and the motion for new trial. Defendant Anthony Larry's argument that his acquittal of the substantive charges of mail fraud, healthcare fraud, and bankruptcy fraud results in a finding that the evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that he conspired, i.e., entered into an agreement, with defendant Tyna Larry to commit mail fraud, healthcare fraud, and bankruptcy fraud fails. Following Fifth Circuit Pattern Jury Instruction Number 2.20, the jury in the instant matter was instructed as to the elements of conspiracy. As stated in Jury Instruction Number 18, the third element of a conspiracy requires only that *one of the conspirators* during the existence of the conspiracy knowingly commit at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy. See Doc. 76, Jury Instruction Number 18 (emphasis added).

Further, "an acquittal on a substantive offense does not preclude a verdict of guilty on a count charging a conspiracy to commit such substantive offense." United States v. Elliott, 571 F.2d 880, 887 (citation omitted). Overt acts of a conspiracy need not be a crime or a part of the substantive offenses charged, but merely "something done in furtherance of the object of the conspiracy." See id. (citing Castro v. United States, 296 F.2d 540, 542-43 (5th Cir. 1961)).

Construing the record evidence in the light most favorable to the government and all reasonable inferences in support of the jury verdict, the Court finds that a reasonable trier of fact could have found defendant Anthony Larry guilty beyond a reasonable doubt of conspiring to commit mail fraud, healthcare fraud, and bankruptcy fraud, while acquitting him of the substantive offenses of mail fraud, healthcare fraud, and bankruptcy fraud. See United States v. DeJean, 613 F.2d 1356 (5th Cir. 1980); United States v. Wheeler, 802 F.2d 778 (5th Cir. 1986). Likewise, the Court further finds that the interests of justice do not require a new trial as to the conspiracy charge, as the record evidence does not preponderate heavily against the verdict and a miscarriage of justice will not result if the verdict stands. See United States v. O'Keefe, 128 F.3d 885 (5th Cir. 1997).

Accordingly;

**IT IS ORDERED** that the motion for judgment of acquittal and the motion for new trial [Doc. 80] be and are hereby **DENIED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 7th day of July, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE